UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ZACHARY R. HANEFELD,

    Plaintiff,

    v.     CAUSE NO. 1:23-CV-03-HAB-SLC

ALLEN COUNTY JAIL, et al.,

    Defendants.

OPINION AND ORDER

Zachary R. Hanefeld, a prisoner proceeding without a lawyer, was granted an opportunity to file an amended complaint containing only related claims against related defendants. (ECF 4.) He responded by filing an amended complaint under 42 U.S.C. § 1983 asserting claims against a jail doctor for failing to treat a dental problem and prescribe him Adderall, and against a correctional officer for confiscating some t-shirts he tried to mail to someone outside the facility. (ECF 5.) As he was previously told, unrelated claims against different defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The Seventh Circuit has explained:

> A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner. . . . M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.

*Id.*; *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated

defendants . . . is unacceptable"). Particular care must be taken to ensure that prisoners are not permitted to lump unrelated claims together in one lawsuit so as to avoid the provisions of the Prison Litigation Reform Act ("PLRA"). *See Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021).

When a plaintiff files a complaint with unrelated claims, the court's preferred course is to allow him to choose which related claims to pursue in the present case. *See Owens*, 878 F.3d at 566; *see also Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (holding that district court may direct a plaintiff "to file separate complaints, each confined to one group of injuries and defendants."). Here, however, the court gave Mr. Hanefeld an opportunity to choose, and he responded by reasserting unrelated claims in the same complaint. Therefore, the court will proceed to screen his medical care claims against the jail doctor. The claim against the correctional officer related to the confiscation of his t-shirts will be dismissed without prejudice. He is free to assert this claim in a separate lawsuit should he choose to do so, subject to the usual constraints of the PLRA.[1]

Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a

---

[1] Because it is unclear whether Mr. Smith wishes to proceed with an additional lawsuit, and because the PLRA will require him to pay the full filing fee for any additional suit that is initiated, the court declines to sever his complaint into different cases and will instead dismiss his unrelated claim without prejudice.

2

claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Mr. Hanefeld is proceeding without counsel, and therefore the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Hanefeld alleges that beginning in November 2022, he filled out multiple medical requests indicating he was having severe pain one of his teeth. He stated that he believed the tooth needed to be pulled. He claims Dr. Galpirin (first name unknown), a jail doctor, waited 65 days to respond to his requests and then did nothing other than tell him he was on the list to see the dentist. He claims Dr. Galpirin did not give him anything for pain while he was waiting to see the dentist, even though the pain was so severe he was unable to eat or sleep.

He further claims that prior to his incarceration he was prescribed Adderall, which helps him concentrate. He claims he put in three medical requests in November 2022 to address his concentration problems, but Dr. Galpirin allegedly would not prescribe him Adderall because it is "not part of their formulary." He claims this caused him difficulty focusing "on anything," including the criminal charges filed against him in state court.

Because Mr. Hanefeld was a pretrial detainee at the time of these events, his rights arise under the Fourteenth Amendment.² *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Detainees are entitled to adequate medical care. *Id.* at 353-54. To plead a Fourteenth Amendment violation, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff to allege "negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Giving Mr. Hanefeld the inferences to which he is entitled at this stage, he has alleged two serious medical needs, namely, a dental problem that caused him severe pain and an inability to concentrate. As to the dental problem, he claims Dr. Galpirin delayed in sending him to the dentist and failed to give him anything to alleviate the pain he was experiencing while he waited to see the dentist. As to the concentration problems, the Constitution does not entitle Mr. Hanefeld to demand a specific type of

---

² Public records reflect that Mr. Hanefeld pled guilty to a criminal offense on February 8, 2023, and is currently awaiting sentencing. *State v. Hanefeld*, No. 02D05-2208-F1-000030 (Allen Sup. Ct. filed Aug. 18, 2022). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

4

medication, but the complaint can be read to allege that Dr. Galpirin did not prescribe him anything to address his concentration problems, which are allegedly severe. He has pled enough to proceed on a claim for damages against Dr. Galperin under the Fourteenth Amendment.[3]

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Galpirin (first name unknown) for monetary damages for failing to provide him with constitutional adequate medical care for dental pain and concentration problems in violation of the Fourteenth Amendment;

(2) DISMISSES the claim against Andrew Clark without prejudice to it being asserted in a separate lawsuit;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Galpirin (first name unknown) at Quality Care and to send him a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

---

[3] The court notes that Mr. Hanefeld does not expressly request injunctive relief related to the provision of medical care when asked to specify what relief he is seeking. (ECF 5 at 4.) Instead, he asks for $300,000 and for Dr. Galpirin to be fired. (*Id.*) It appears from his allegations that the dental problem has since resolved, and it is not clear whether the concentration issue remains an ongoing problem. Under these circumstances, the court declines to infer a claim for injunctive relief related to the provision of medical care. If the court has misread the complaint, Mr. Hanefeld is free to file an amended complaint outlining his need for some other form of relief.

(5) ORDERS Quality Care to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(6) ORDERS Dr. Galpirin to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 23, 2023.

                               s/ *Holly A. Brady*  
                               JUDGE HOLLY A. BRADY  
                               UNITED STATES DISTRICT COURT